STATE OF MAINE
ANDROSCOGGIN, SS

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-45

$TCD-?$

BRIAN KORHONEN,
        Plaintiff

v.

ONE 1978 KENWORTH
DUMP TRUCK, VIN C500A159259S

and

GARY L. TIBBETTS

and

KAREN D. TIBBETTS

        Defendants

**ORDER ON PLAINTIFF'S MOTION
FOR RECOGNITION OR JUDICIAL
NOTICE OF BANKRUPTCY ORDER
AND PROCEEDINGS**

DONALD L. GARRECHT
LAW LIBRARY

JAN 13 2004

RECEIVED & FILED

NOV 2 6 2003

ANDROSCOGGIN
SUPERIOR COURT

## I. BEFORE THE COURT

Plaintiff in this case has filed a Motion for Recognition and Judicial Notice

of Order in Bankruptcy Proceeding and Finding of Judgment for Plaintiff.

Defendants Gary L. Tibbetts and Karen D. Tibbetts oppose this motion.

## II. BACKGROUND

Brian Korhonen commenced this action in March 2002 to enforce a lien for

storage fees and repair work performed on a dump truck and for judgment in the

amount of $12,683.16 with relation to this work. Defendants answered and

presented a counterclaim. Plaintiff then filed an amended complaint adding

counts for liability based on an implied contract and unjust enrichment.

Defendants answered the amended complaint and counterclaimed again.

After answering plaintiff's complaint, defendants sought protection under Chapter 13 of the United States Bankruptcy Code. In January 2003, the Bankruptcy Court approved a Consent Order in which it was agreed that plaintiff held a $7133.16 secured claim in the dump truck, and interest in the amount of $5550.00 that would be treated as an unsecured claim.

Plaintiff surrendered the dump truck, amended its proof of claim, and registered the secured claim. Defendants allegedly have not made any payments pursuant to the Consent Order, and plaintiff now moves that this court recognize and take judicial notice of the Bankruptcy Court Order.

### III. DISCUSSION

Plaintiff argues that defendants have admitted and consented to the secured and unsecured debt in the bankruptcy case; therefore, the issues are resolved for this case in state court.

Defendants argue that they had no incentive to litigate the amount owing in the bankruptcy case, and that issues raised by their counterclaims were not raised in the Bankruptcy Court proceeding. Further, defendants argue that their counterclaims became property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541 (2003) and that the defendants could not pursue them as they saw fit.

Determination of the present motion turns on whether this court enforces the consent decree or whether *res judicata* applies.[1] "In an action for enforcement

---

[1] The plaintiff moves that the court "recognize and take judicial notice" of the consent order relevant to this case. "Judicial notice" is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary 851 (7th ed., 1999); *see also* Me. R. Evid. 201 (2003). Judicial notice would not seem appropriate in these circumstances. The consent order in this case seems to be neither "well-known" nor "indisputable." This issue, therefore, seems to be whether this Court will recognize and enforce this consent order; or whether this order has claim preclusive effects.

[a consent order's] contractual nature predominates." *In re Medomak Canning*, 111 B.R. 371, 374 (D. Me. 1990) (citing to *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238 (1975)). This can present special issues because the consent order has a "dual nature" – *i.e.*, that of both contract and judicial decree. *Id.* Some courts will give consent orders "greater dignity than mere contracts because the court must make a judicial determination that the agreement is fair." *Id.* For example, in *Medomak*, the United States District Court for the District of Maine upheld a consent order agreed to by the Bankruptcy Court in which the parties agreed to forego claims of equitable subordination against other creditors. *Id.* at 375-76. A court may use traditional aids to contract construction when determining what was agreed to in the consent order. *Id.* at 374.

In this case, the Consent Order entered into by the parties set forth the conditions stated in the plaintiff's motion. Brian Korhonen Enterprises was to surrender the dump truck; Brian Korhonen Enterprises was to have a secured claim in the vehicle; the secured claim was to be paid by the Trustee under the Chapter 13 plan; and other provisions directly affecting the bankruptcy proceeding. (Consent Order ¶¶1-6.) The Consent Order was signed by the attorney for the debtors (presently the defendants), the bankruptcy trustee, and the attorney for Brian Korhonen Enterprises (presently the plaintiff). Using standard contract principles, the Defendants are bound by this agreement,

principally because it was approved by a court of competent jurisdiction with a duty to ensure the agreement's fairness.[2]

Plaintiff also argues in his motion that "defendants' actions admitting and consenting to this debt resolves the issues in this action;" that is, the Consent Order has claim preclusive effect. "As a general matter, consent orders or judgments are given the same *res judicata* effect as judgments in litigated cases." *See Medomak Canning*, 111 B.R. at 373; *see also Grossman v. Murray*, 681 A.2d 90, 94 (N.H. 1996) ("The normal rules of *res judicata* and collateral estoppel apply to the decisions of the bankruptcy courts.") (quoting *Katchen v. Landy*, 382 U.S. 323, 334 (1966)).

The Tibbetts argue that the counterclaims in their answer became part of the bankruptcy estate and that defendants were not able to argue these counterclaims. Their claim that they did not have the incentive to litigate the issue related to the claims for work on the dump truck are not convincing. *See, e.g., Grossman*, 681 A.2d at 94. There appears to be no reason not to give this Consent Order binding effect.

In *In re Searle's*, the United States District Court for the District of Rhode Island found that, where no sections of the relevant Bankruptcy Code provision affect the consent order in the case, the consent order should be given binding effect. 70 B.R. 266, 270 (1987); 11 U.S.C. § 349(b)(2).[3] In this case, none of the

---

[2] There is no argument by either party about whether this agreement was made pursuant to Bankruptcy Rule 9014 or other rule that was designed for "the adjudication of simple issues, often on an expedited basis." *See Grossman v. Murray*, 681A.2d 90, 94 (N.H. 1996).

[3] Section 349(b)(2) states that after dismissal any order of the bankruptcy court is vacated that affects (1) debtor's right to exempt property; (2) turnover of property to the estate; (3) liabilities of transferee of avoided transfer; and (4) setoff. *See In re Searles*, 70 B.R. at 270.

parties argues that the Bankruptcy Code causes the Consent Order to be vacated, and this Consent Order does not fall within the sections of 349(b)(2). Therefore, the consent order should be enforced and given claim preclusive effect.

## IV. DECISION AND ORDER

The clerk will make the following entries as the decision and Order of the court:

A. Plaintiff's Motion for Recognition and Judicial Notice of Order in Bankruptcy Proceeding is GRANTED.

B. This court recognizes and takes judicial notice of the Consent Order of the United States Bankruptcy Court for the District of Maine, dated January 15, 2003, Case No. 02-21484.

C. Based on the Consent Order, this court awards judgment this case to plaintiff Brian Korhonen on his complaint against defendants Gary L. Tibbetts and Karen D, Tibbetts in the amount of $12,683.16.

D. Judgment is entered against defendants on their counterclaims.

E. No costs are awarded to either party.

SO ORDERED.

Dated: _Nov. 26, 2003_

Thomas E. Delahanty II
Justice, Superior Court

David Sanders
Plf.
Anthony Ferguson
Def.